# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SPENCER, | ) 1:13-cv-01944-BAM (PC) <br> ) <br> ) SCREENING ORDER DISMISSING <br> ) COMPLAINT WITH LEAVE TO AMEND <br> ) (ECF No. 1) <br> ) <br> ) <br> ) THIRTY-DAY DEADLINE <br> ) <br> ) |
| Plaintiff, | |
| v. | |
| REYNALDO REYES, et al., | |
| Defendants. | |

**I.     Screening Requirement and Standard**

Plaintiff Bernard Spencer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on December 2, 2012, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### II. Plaintiff's Allegations

Plaintiff is currently housed at North Kern State Prison. Plaintiff names Reynaldo Reyes, R.N., and A. Tita, R.N., as defendants.

Plaintiff alleges as follows:

> On the above date of 5/23/13, after I was assulted and injured, I then seen by A Tita R.N. given an ice-pack, some stiches I believe, And was also seen by an Register Nurse, Reynaldo Reyes, whom made no effort for me to be exray'd or for me to see A Physician, until on the following day, when I seen another R.N. Milagros Q Albano. Then I was seen for the Physician to make the profession diagnosis, for me to be seen at an out side hospital for reconstructed surger to my left eye, and laser surger to my Right eye. When on the day of my injuries I to R.N.-Tito I [illegible] so much pain." And I was sent back to my cell and told Nothing was wrong with me but small-scraches." Which neither R.N. Tita or Reynaldo Reyes, R.N. A Physician to make such diagnosis, this is Medical Malpractice.

(ECF No. 1., p. 3.) (text as written). Plaintiff seeks damages.

### III. Discussion

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire v. CDCR, 726 F.3d 1062, 1081–82 (9th Cir.2013) (internal citations, punctuation and quotation marks omitted).

Plaintiff's allegations do not demonstrate that any defendant acted with the requisite state of mind.  Plaintiff admits that he received treatment in the form of an ice-pack and stitches on May 2, 2013.  Although Plaintiff complains that Defendants Tita and Reyes failed to send him for an x-ray or to see a physician, any negligence in treating his condition or any purported "medical malpractice" does not state a claim for deliberate indifference to serious medical needs. Lemire, 726 F.3d at 1081-82; Toguchi, 391 F.3d at 1057-58 (mere negligence in treating a medical condition does not violate a prisoner's Eight Amendment rights).  At best, Plaintiff has alleged a disagreement with the treatment that he received following his injury, which does not amount to deliberate indifference. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970) (difference of opinion between a prisoner-patient and prison medical authorities as to what treatment is proper and necessary does not give rise to a claim).

Plaintiff further alleges that the following day he was seen by a physician and sent to an outside hospital for surgery. Even if defendants were allegedly responsible for this brief delay by sending him back to his cell, it does not rise to the level of an Eighth Amendment violation. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (alleged delay of several days in receiving pain medication did not rise to the level of a constitutional violation).

As discussed below, Plaintiff will be given leave to cure the identified deficiencies to the extent he can do so in good faith.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983. However, the Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **August 5, 2014**                    /s/ Barbara A. McAuliffe
                                                                 UNITED STATES MAGISTRATE JUDGE