# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD SPENCER,<br><br>          Plaintiff,<br><br>     v.<br><br>REYNALDO REYES, et al.,<br><br>          Defendants. | 1:13-cv-01944-BAM (PC)<br><br>SECOND SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF No. 13)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff Bernard Spencer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 6, 2014, the Court dismissed Plaintiff's complaint with leave to amend within thirty days.  (ECF No. 8.)  Plaintiff's first amended complaint, filed on November 14, 2014, is currently before the Court for screening.  (ECF No. 13.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at North Kern State Prison.  Plaintiff names Reynaldo Reyes, R.N., and Tita, R.N., as defendants.

Plaintiff alleges as follows:

On the above and about date of May 2, 2013, A Reynaldo Reyes, R.N., I believe to be the supervising Registered Nurse, for supervisor's Review, for patient's information, whom upon mentioning too, as well, as too R.N. Tita, about plaintiff needing to see A professional doctor, physician, upon inscription, for proper due process, for medical treatment, for adequate care medically needed, on the date of May 2, 2013, of said allegations of being deprived, nonchalantly, both, R.N. Reynaldo Reyes, and R.N. Tita, neither took action, for plaintiff's rights civilly, to be free from cruel and unusual punishment, on the basis of bias, lack of care, that amounted to "deliberately indifferent[], and A negligent medical malpractice, for plaintiff's statutory rights, pleading about excruciating chronic pain, to plaintiff's Left side of face, and eyes, with sever[e] migraine of the head, and not being able to see out left eye, and little vision in the right, instead of preforming upon job inscriptions, under the color of state Law, R.N. Reynaldo Reyes, and R.N. Tita's

professional proformence [sic], was unsatisfactory, inadequate medically lacking care, violates plaintiff's, Eight Amendment.

(ECF No. 13, pp. 3-4).  Plaintiff seeks damages.

### III.     Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not contain a short and plain statement of his claim.  Although brief, Plaintiff fails to include sufficient factual allegations to state a claim for relief that is plausible on its face.  Plaintiff's conclusory statements that defendants failed to send him to a doctor, without more, are not sufficient.

#### B.  Deliberate Indifference

 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir.

2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire v. California Dep't of Corr.and Rehab., 726 F.3d 1062, 1081–82 (9th Cir. 2013) (internal citations, punctuation and quotation marks omitted).

Plaintiff has omitted facts from his original complaint in an attempt to state a deliberate indifference claim against Defendants Tita and Reyes. In particular, Plaintiff omits allegations that he received an ice pack and stitches from Nurse Tita and also was examined by Nurse Reyes. Plaintiff also omits that he was seen the following day by a physician.

Plaintiff's filings are subject to Federal Rule of Civil Procedure 11. Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; ... [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery...." Fed. R. Civ. P. 11(b). Rule 11(c) provides for the imposition of appropriate sanctions for the violation of Rule 11(b). Fed. R. Civ. P. 11(c). Accordingly, Plaintiff's failure to adhere to Rule 11 may result in the imposition of sanctions, including dismissal of this action. Plaintiff should not alter his allegations merely to maintain an action. Rather, Plaintiff's factual assertions must have evidentiary support.

Although Plaintiff complains that Defendants Tita and Reyes failed to send him to see a physician, any negligence in treating his condition or any purported "medical malpractice" does not state a claim for deliberate indifference to serious medical needs. Lemire, 726 F.3d at 1081-

82; Toguchi, 391 F.3d at 1057-58 (mere negligence in treating a medical condition does not violate a prisoner's Eighth Amendment rights). Further, even if defendants were allegedly responsible for a brief delay in treatment by a physician, it does not rise to the level of an Eighth Amendment violation. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (alleged delay of several days in receiving pain medication did not rise to the level of a constitutional violation).

Plaintiff will be given one final opportunity to cure the identified deficiencies in his complaint. However, Plaintiff's filing must adhere to Rules 8 and 11.

### IV.     Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted under section 1983. However, the Court will grant Plaintiff a final opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff should amend only those claims that he believes, in good faith, state a cognizable claim for relief.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's amended complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:  **November 17, 2014**                  /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE