# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BERNARD SPENCER, | ) | 1:13-cv-01944-BAM (PC) |
| Plaintiff, | ) ) | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | ) ) | |
| REYNALDO REYES, et al., | ) ) | |
| Defendants. | ) ) | |

### I. Screening Requirement and Standard

Plaintiff Bernard Spencer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 5.)

On November 18, 2014, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 14.) Plaintiff's second amended complaint, filed on March 23, 2015, is currently before the Court for screening. (ECF No. 24.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California Men's Colony, East, in San Luis Obispo, California. The events at issue in this action allegedly occurred while Plaintiff was housed at North Kern State Prison. Plaintiff names Reynaldo Reyes, R.N., and Tita Jose, R.N., as defendants.

Plaintiff's second amended complaint is disjointed and filled with legal argument and conclusory statements. As best as can be determined, Plaintiff alleges that on May 2, 2013, he was suffering pain on the left side of his face and head. Plaintiff was examined by Defendant Tita Jose. Plaintiff asked to see a doctor. Defendant Tita Jose then told Plaintiff to shut up, stop crying and that there was nothing wrong with him except a few scratches. Plaintiff told Defendant Tita Jose that he could not feel the left side of his face and he had chronic excruciating pain. Defendant Tita Jose ignored Plaintiff's request to see a physician. However, Plaintiff was given three stiches to his right eye, Tylenol and an ice pack. Plaintiff asserts that

his face was broken.  Plaintiff further alleges that Defendant Reyes was deliberately indifferent to Plaintiff's request to see a physician and for treatment of his injury.  Plaintiff believes that Defendant Reyes was the supervising nurse on the day of his injuries.

### III.    Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not contain a short and plain statement of his claim.  Although brief, Plaintiff fails to include sufficient factual allegations to state a claim for relief that is plausible on its face.  Plaintiff's conclusory statements and legal arguments, without more, are not sufficient.  Despite multiple opportunities, Plaintiff has been unable to cure this deficiency.

#### B.  Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir.

2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs." Lemire v. California Dep't of Corr.and Rehab., 726 F.3d 1062, 1081–82 (9th Cir. 2013) (internal citations, punctuation and quotation marks omitted).

Plaintiff's allegations do not demonstrate that any defendant acted with the requisite state of mind. Plaintiff admits that he received treatment in the form of an ice-pack, pain medication and stitches on May 2, 2013. Although Plaintiff complains that Defendants failed to send him to a physician, any negligence in treating his condition or any purported "medical malpractice" does not state a claim for deliberate indifference to serious medical needs. Lemire, 726 F.3d at 1081-82; Toguchi, 391 F.3d at 1057-58 (mere negligence in treating a medical condition does not violate a prisoner's Eight Amendment rights). At best, Plaintiff has alleged a disagreement with the treatment that he received following his injury, which does not amount to deliberate indifference. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970) (difference of opinion between a prisoner-patient and prison medical authorities as to what treatment is proper and necessary does not give rise to a claim).

Additionally, Plaintiff omits his prior allegations that the following day he was seen by a physician and sent to an outside hospital for surgery. Even if defendants were allegedly responsible for a brief delay in treatment by a physician, this does not rise to the level of an Eighth Amendment violation. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (alleged delay of several days in receiving pain medication did not rise to the level of a constitutional violation).

Insofar as Plaintiff attempts to impose liability against Defendant Reyes based solely on his role as supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious

liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire, 726 F.3d at 1074–75; Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

Plaintiff has not alleged a sufficient causal connection between Defendant Reyes and the constitutional violation, such as implementation of any policy. As discussed above, Plaintiff also has not sufficiently alleged personal participation by Defendant Reyes in any constitutional violation.

### IV.   Conclusion and Order

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted. Although Plaintiff was provided multiple opportunities, he has been unable to cure the above deficiencies by amendment. Further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **March 26, 2015**             /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE